Hon. A. M. Buchanan,
Hon. H. M. Spofford, } *Associate Justices.*
Hon. J. N. Lea,

### Succession of M. Aaron.

Creditors of the succession of a deceased husband cannot question the constitutionality of the Act of 1852, to provide a homestead for widows, on the ground that it violates a marriage contract made prior to the passage of the Act.

Where the claim of the widow under the Homestead Act is set up by way of opposition to a tableau of distribution, the administrator may offer evidence to show that she has appropriated property, to her own use, belonging to the succession of her husband, or may urge any other defence tending to reduce her claim.

APPEAL from the District Court of the parish of Rapides, *Ogden*, J.
*Hyman & Cazabat*, for administrators and appellants. *Barlow*, for opponents and appellees.

Merrick, C. J. The administrator has appealed from a judgment recognizing the claim of *Mrs. Aaron* on behalf of herself and the minor children of the deceased, to one thousand dollars, under the Act approved 17th March, 1852, entitled " An Act to provide a homestead for the widows and children of deceased persons." Acts of 1852, p. 171. The first ground upon which he hopes to obtain a reversal of the judgment of the court is the alleged unconstitutionality of the Act of the Legislature in question. The question of the constitutionality of this Act was discussed in the case of the *Succession of Lanzetti*, 9 An. 329. It was there held constitutional, in this respect, that it did not violate Article 115 of the Constitution. We see no reason to overrule that decision. But it is further urged, that inasmuch as the parties were married in 1848, the Act violates the obligation of the marriage contract, and is therefore unconstitutional. Without adverting to decisions on analogous statutes, it is sufficient to say that the Legislature has power to change or regulate the order of descents. If in so doing it has violated any contract, it has not been with the administrator or creditors of the deceased. The only per-

sons who could complain of such violation of a contract, if it existed, would be the husband and wife or their heirs. In this instance the wife and the heirs of the deceased, so far from making complaint that the contract of marriage has been violated by the statute of 1853, are claiming under its provisions.

The second ground urged for a reversal of the judgment is that the Judge of the lower court erred in refusing to admit the evidence of offered by the administrator to show that the widow had interfered with the community by concealing and disposing of a gold watch, horses, cows and calves, seventy dollars in money from *S. Bernestien*, a claim against *Gentry*, about $1500 in cash, and the books, accounts and papers belonging to the community. The testimony was refused by the court, on the ground that there was no allegation of such intermeddling and malfeasance, and to admit the evidence would be to take the party by surprise. The demand of *Mrs. Aaron* is set up by way of opposition to the tableau of distribution. This opposition was itself in the nature of an answer and required no replication. The administrator could, therefore, urge any defence he had to make, whether by general denial, confession and avoidance or peremptory exception. If the opponent is taken by surprise by the proof, the remedy is by a continuance or a new trial upon the proper showing for that purpose. The ground stated was insufficient to exclude the testimony.

On the trial of a question of this kind, it is competent on the part of those who oppose the claim of the widow and children, to show the amount of property they hold in their own right, and also the amount of property they have received and used belonging to the succession since it was opened. The widow can only recover the balance of $1000 after these sums are deducted. Whether the fraudulent concealment and use of property belonging to the succession by the widow may or may not occasion a forfeiture of some of her rights, is not now necessary to determine. If such proof should hereafter be adduced, it can then be considered.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that this cause be remanded to the lower court, with instructions to receive the testimony of the witnesses, *James C. Wise* and *Samuel Bernestien*, and others, to prove the facts in the bill of exception herein mentioned, and in other respects to proceed according to law; and it is further ordered, that the appellee pay the costs of the appeal.